**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6285**

ANDRE D. BARBARY,

                 Petitioner - Appellant,

       v.

WARDEN, Edgefield Camp,

                 Respondent - Appellee.

**No. 20-6286**

ANDRE D. BARBARY,

                  Petitioner - Appellant,

       v.

WARDEN, Edgefield Camp,

                 Respondent - Appellee.

Appeals from the United States District Court for the District of South Carolina, at Beaufort.  Donald C. Coggins, Jr., District Judge.  (9:19-cv-02996-DCC)

Submitted:  July 21, 2020                           Decided:  July 24, 2020

Before AGEE, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andre D. Barbary, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Andre D. Barbary, a federal prisoner, appeals the district court's order adopting the magistrate judge's recommendation and denying relief on the 28 U.S.C. § 2241 (2018) petition in which Barbary sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255 (2018), and the court's subsequent order denying Barbary's Fed. R. Civ. P. 59(e) motion to alter or amend judgment. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Barbary v. Warden*, No. 9:19-cv-02996-DCC (D.S.C. filed Jan. 27, 2020 & entered Jan. 28, 2020; filed Feb. 19, 2020 & entered Feb. 20, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3